UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: EDCV 18-02507 R (RAO)  Date: January 11, 2019
Title: Daniel Raya Jr. v. Sutton

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

N/A  N/A

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE REGARDING DISMISSAL DUE TO UNEXHAUSTED CLAIMS**

On November 28, 2018, the Court received from Petitioner Daniel Raya Jr. ("Petitioner) a petition for writ of habeas corpus ("Petition"). Dkt. No. 1. Having reviewed the Petition and its attachments, the Court finds that the Petition appears to be mixed, meaning that it contains both exhausted and unexhausted claims. The Court issues this Order to provide Petitioner with the various options available to him.

Petitioner is reminded that a state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d. 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).

A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Here, the Petition includes six claims.  Ground 1 alleges that a photograph of the crime scene was improperly used at trial.  Ground 2 relates to the testimony by a pathologist who was not the autopsy pathologist.  Ground 3 relates to pretrial discovery and a statement by the victim's treating physician to detectives.  Ground 4 alleges an ineffective assistance of counsel claim.  Petitioner claims that he was told not to testify, that his counsel ignored his concerns regarding the use of the crime scene photo, and that counsel did not subpoena the pathologist and physician.  Ground 5 alleges prosecutorial misconduct during argument to the jury.  Ground 6 relates to evidence of voluntary manslaughter.  *See* Pet. at 5-7, 9.  Petitioner concedes that he has not raised Grounds 1, 3 or 4 before the California Supreme Court.  *See id.* at 5-7.  It therefore appears that at least Grounds 1, 3 and 4 of the instant Petition have not been exhausted.  Accordingly, the Petition is subject to dismissal and Petitioner has four available options:

**Option 1:**  Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitation under 28 U.S.C. § 2244(d)(1), as amended, which states that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 2:**  Petitioner may request a voluntary dismissal of his unexhausted claims and elect to proceed only on his exhausted claims.  Petitioner may also use the attached Notice of Dismissal form in order to select this option.  However, Petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claims or other claims which could have been raised in the instant Petition may be rejected as successive.

**Option 3:**  Pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court is empowered to stay the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust his already pleaded, but unexhausted claims.  *See Rhines*, 544 U.S. at 277-78.  To obtain a stay pursuant to *Rhines*, Petitioner is required to make a showing of good cause for his failure to have exhausted all of his claims in state court and that the claims are not "plainly meritless."  *See id.*

**Option 4:** Pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), Petitioner would have to dismiss any unexhausted claims, but the court would be empowered to stay his remaining fully exhausted claims while he returned to the state courts to exhaust his dismissed claims. *See Kelly*, 315 F.3d at 1070-71. Petitioner is warned, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely … [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

In sum, the Court **ORDERS** Petitioner to respond to this Order by **February 1, 2019**, and specifically indicate which of the four options he wishes to pursue. In order to select Options One or Two, Petitioner may use the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options Three or Four, Petitioner must file a declaration, signed under penalty of perjury, requesting a stay pursuant to either *Rhines* or *Kelly*. If Petitioner wishes to obtain a stay pursuant to *Rhines*, he must also set forth good cause for his failure to have exhausted his claims and that the claims are not plainly meritless. **While the Court will have to rule on any request for a stay filed by Petitioner, nothing in this order prevents Petitioner from immediately raising in state court his unexhausted claims**.

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** Petitioner is further warned that if he does not select one of the four options to address the fact that his Petition contains unexhausted claims, the Petition will be subject to dismissal as mixed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 18-02507 R (RAO) | Date: | January 11, 2019 |
| Title: | Daniel Raya Jr. v. Sutton | | |

     The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

     **IT IS SO ORDERED.**

Attachment:
Notice of Dismissal form

| | : | |
|---|---|---|
| | Initials of Preparer | dl |